IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO
GENERAL DIVISION

| | | |
|---|---|---|
| **Brian P. Sutton,**<br>1870 Wilbur Road<br>Medina, Ohio 44256 | )<br>)<br>)<br>) | Case No.:<br><br>Judge |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | **COMPLAINT** |
| **WeatherSeal Home Services Inc.,**<br>c/o John B. Connor (Statutory Agent)<br>227 Monroe Falls Avenue<br>Cuyahoga Falls, Ohio 44221 | )<br>)<br>)<br>)<br>)<br>) | **Jury Demand Endorsed Hereon** |
| and | )<br>) | |
| **John B. Connor,**<br>2907 Hickory St.<br>Clinton, Ohio 44216 | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

EXHIBIT A

Now comes Plaintiff Brian Sutton, by and through undersigned counsel, and for his Complaint against Defendants WeatherSeal Home Services Inc. and John Connor, states the following:

**PARTIES**

1. Plaintiff Brian Sutton is an Ohio resident, currently residing at 1870 Wilbur Road, Medina, Ohio 44256.

2. Defendant WeatherSeal Home Services Inc. ("WeatherSeal") is a for-profit corporation registered to do business in the State of Ohio.

3. Defendant WeatherSeal's primary place of business is 227 Monroe Falls Avenue, Cuyahoga Falls Falls, Ohio 44241.

4. Defendant John Connor is an Ohio resident, currently residing at 2907 Hickory Street, Clinton, Ohio 44216.

5. Defendant Connor is a principal, member, owner, manager, and/or executive of WeatherSeal and has substantial responsibility and control over WeatherSeal's operations, acted in the interest of WeatherSeal with respect to Plaintiff, and was an employer of Plaintiff within the meaning of 29 U.S.C. 203; Article II, §34 of the Ohio Constitution; Chapter 4113 of the Ohio Revised Code; and the common law of the State of Ohio.

## JURISDICTION AND VENUE

6. The facts giving rise to this Complaint occurred in Cuyahoga Falls, in the county of Summit, thereby making jurisdiction and venue proper in this Court.

## GENERAL ALLEGATIONS

7. Plaintiff began working at WeatherSeal in June 2020.

8. WeatherSeal hired Plaintiff to work in a general office capacity.

9. This position was a salary position and was considered non-exempt.

10. WeatherSeal performs comprehensive home remodeling services to customers in Ohio and western Pennsylvania.

11. Shortly after hiring Plaintiff, WeatherSeal changed Plaintiff's job role and mandated that he start performing field work and other on-site work at on-going projects.

12. During his time with WeatherSeal, Plaintiff routinely worked over 40 hours per week.

13. Defendants never paid Plaintiff overtime for any hours he worked over 40 hours per week.

14. Plaintiff complained to Defendant Connor about working late into the evenings (i.e. overtime) and not getting paid for it.

15. Defendants ignored Plaintiff's complaints.

16. Despite Plaintiff's complaints, Plaintiff continued to work into the evenings and well past 40 hours per week.

17. In August 2020, Plaintiff told Defendant Connor that he was unavailable to work into the evening on a specific project and that he would be leaving the work site after his 8-hour day was over (i.e. the time period for which he was being paid for).

18. Defendant Connor stated that by leaving at the end of his shift, Plaintiff was bringing the morale of the work site down when other workers see him leaving the work site early.

19. Plaintiff again stated that he had been googling Fair Labor Standards Act ("FLSA") laws and that he believed Defendants were not paying him for the extra hours he was working.

20. Defendant Connor explained that he does not pay any of his workers overtime because he "makes it up to them" in the wintertime as they do not work as much during that time but still receive the same salary.

21. The same day, Defendants terminated Plaintiff's employment with WeatherSeal because he tried to assert his rights under the law as it relates to being paid fairly.

## COUNT I
## FLSA Retaliation

22. Plaintiff repeats and alleges paragraphs 1 through 21 as though fully set forth herein.

23. By complaining to Defendant Connor, Plaintiff objected to, or refused to participate in an activity, policy or practice believed to violate the Fair Labor Standards Act, specifically Defendants' failure to pay its non-exempt employees overtime.

24. Plaintiff's activity was protected activity.

25. Plaintiff's protected activity was known to Defendants.

26. Defendants fired Plaintiff because of his protected activity.

27. There is a causal connection between the protected activity and the adverse employment action taken by Defendants.

28. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

29. In committing the violations described herein, Connor, acting in his capacity as an officer and owner of WeatherSeal engaged in wrongful acts consisting of breaches of duty, neglect and wrongful acts and omissions, including but not limited to breach and neglect of duty to compensate all employees for hours worked.

30. Defendants have retaliated against Plaintiff in violation of the FLSA, 29 U.S.C. § 215(a)(3).

31. Defendants are therefore liable to Plaintiff under the FLSA.

## COUNT II
### Retaliation under R.C. 4111.13 and Ohio Constitution Art. II, Section 34a

32. Plaintiff repeats and alleges paragraphs 1 through 31 as though fully set forth herein.

33. By complaining to Defendants, Plaintiff objected to, refused to participate in an activity, policy or practice he believed violated the Ohio Minimum Fair Wage Standards Act and Article II, Section 34a of the Ohio Constitution, specifically Defendants failure to pay minimum wage over the course of several months.

34. Plaintiff's conduct was protected activity.

35. Plaintiff's protected activity was known to Defendants.

36. Defendants fired Plaintiff because of his protected activity.

37. There is a causal connection between the protected activity and the adverse employment action taken by Defendants.

Sandra Kurt, Summit County Clerk of Courts

38. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the Ohio Minimum Fair Wage Standards Act and Article II, Section 34a of the Ohio Constitution.

39. In committing the violations described herein, Connor, acting in his capacity as an officer and owner of WeatherSeal engaged in wrongful acts consisting of breaches of duty, neglect and wrongful acts and omissions, including but not limited to breach and neglect of duty to compensate all employees for hours worked.

40. Defendants have retaliated against Plaintiff in violation of the R.C. 4111.13(B) and Article II, Section 34a of the Ohio Constitution.

## COUNT III
### Failure to Timely Pay Wages under R.C. 4113.15

41. Plaintiff repeats and alleges paragraphs 1 through 40 as though fully set forth herein.

42. Federal and Ohio wage and hour laws require that an employee be paid at least the applicable minimum wage for all hours worked in a work week on the regularly scheduled pay day corresponding to the pay period during which such works weeks occurred.

43. Defendants have willfully failed to pay Plaintiff an amount equal to at least the applicable minimum wage for all hours worked in a particular work week on the regularly scheduled pay date corresponding to the pay period during which such work week occurred.

44. The Fair Labor Standard Act entitles an employee who does not receive his minimum wages to an award of unpaid minimum wages, liquidated damages in an amount equal to unpaid minimum wages, reasonable attorneys' fees, expenses, and costs.

45. The Ohio Fair Minimum Wage Amendment entitles an employee who does not receive his minimum wages to an award of unpaid minimum wages, liquidated damages in the amount of twice the amount of unpaid minimum wages, reasonable attorneys' fees, expenses, and costs.

46. Defendants breached the requirements of R.C. 4113.15 by failing to pay Plaintiff all wages owed within 30 days of the regularly scheduled payday for each pay period for which he worked.

47. For each regularly scheduled payday, Defendants are liable to Plaintiff for liquidated damages in the amount of $200 or 6% of the unpaid wages, whichever is greater.

48. R.C. 4113.15(A) also allows for the use of a "longer time lapse that is customary to a given trade, profession or occupation, or establishment of a different time lapse by written contract or by operation of law."

49. R.C. 4113.15(B) further provides that where wages remain unpaid remain unpaid for 30 days beyond the regularly scheduled payday, or 60 days beyond the filing of a claim by the employee if there was no regularly scheduled payday, and no contest, court order, or dispute accounts for the non-payment, the employee is entitled to liquidated damages in the amount of the greater of six percent or $200.00 per violation.

50. No bona fide and legally cognizable dispute exists that accounts for Defendants' failure to timely pay Plaintiff his unpaid wages of at least $746.00.

51. With respect to the unpaid wages in the amount of at least $746.00 that Plaintiff never received for the work weeks for which Plaintiff worked, Plaintiff is entitled to an award of triple damages under the Ohio Fair Minimum Wage Amendment or, in the alternative, double damages under the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants accordingly:

A.) **Count I – FLSA Retaliation:** The Court grants judgment for Plaintiff and against Defendants, jointly and severally, in the amount in the amount of Plaintiff's unpaid wages, together

with compensatory damages, liquidated damages equal to the wages owed, attorneys' fees, costs, and other expenses incurred such that Plaintiff is made whole;

B.) **Count II – Retaliation under R.C. 4111.13 and Ohio Constitution Art. II, Section**

**34a:** The Court grants judgment for Plaintiff and against Defendants, jointly and severally, an award of unpaid minimum wages in the amount of $2,400.00; liquidated damages in the amount of twice the amount of the unpaid minimum wages; and an amount set by the Court sufficient to compensate Plaintiff and deter future violations, under Article II, Section 34a of the Ohio Constitution and Ohio Revised Code Chapter 4111, reasonable attorneys' fees, expenses, and costs incurred such that Plaintiff is made whole;

C.) **Count III – Violation of R.C. 4113.15:** The Court grants judgment for Plaintiff and awards statutory damages against Defendants, jointly and severally; and

D.) For any other relief that the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a jury trial on all such triable causes of action.

Respectfully submitted,

/s/ Matthew Abens
DAVID L. HARVEY III (0080918)
MATTHEW B. ABENS (0075308)
15290 Bagley Road, Suite 102
Middleburg Hts., OH 44130
Phone: (216) 651-0256
Fax: (833) 273-0003
dvdharv@harvlaw.com
mbabens@harvlaw.com

*Counsel for Plaintiff Brian Sutton*

Sandra Kurt, Summit County Clerk of Courts

## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER: CV-2020-09-2612

BRIAN PATRICK SUTTON
1870 WILBUR RD
Medina, OH, 44256

-VS-                                                              **SUMMONS**

WEATHERSEAL HOME SERVICES, INC.
227 Munroe Falls Avenue
Suite A
Cuyahoga Falls, OH 44221

**TO the following:**

JOHN CONNOR
2907 Hickory St.
Clinton, OH 44216

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto. The name and address of the Plaintiff's attorney is:

MATTHEW ABENS
19250 Bagley Road
Suite 102
Middleburg Heights, OH 44130

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

September 24, 2020

## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER: CV-2020-09-2612

BRIAN PATRICK SUTTON
1870 WILBUR RD
Medina, OH, 44256

-VS-                                                                    **SUMMONS**

WEATHERSEAL HOME SERVICES, INC.
227 Munroe Falls Avenue
Suite A
Cuyahoga Falls, OH  44221

**TO the following:**

WEATHERSEAL HOME SERVICES, INC.
227 Munroe Falls Avenue
Suite A
Cuyahoga Falls, OH  44221

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.  The name and address of the Plaintiff's attorney is:

MATTHEW   ABENS
19250 Bagley Road
Suite 102
Middleburg Heights, OH   44130

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service.  Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

September 24, 2020